1843.

REDMOND
*v.*
WEMPLE.

REDMOND *v.* WEMPLE and others.

---

Where a judgment debtor filed a bill, on his own behalf only, against his debtors and their assignees, complaining principally of the latter in allowing the debtors to be their agents and receive large compensation and did not amend, so as to go against the assignment itself until long afterwards, when the property had been distributed, and brought his cause to a hearing on bill and answer when he might, by expedition and replication, have made a sufficient case: his bill was dismissed, but without costs.

If an assignee to pay debts allows the debtor to act as his agent and receive large compensation therefor, he will have to account for the amount to creditors, on a bill filed in behalf of all of them.

---

CREDITOR's bill filed against Christopher Y. Wemple and Henry W. Christie, judgment debtors and against their assignees. The assignment under which the latter acted was made the twenty-sixth day of September, one thousand eight hundred and thirty-seven. Bill filed on the first of June, one thousand eight hundred and thirty-nine, and it seemed to go mainly against the conduct of the assignees; but an amendment was made on the third of August, one thousand eight hundred and forty-one, which went against the assignment. The debtors were permitted to act as agents for the assignees and to retain large compensation. The case came up on bill and answer, after the funds had been distributed or passed away.

*Jan. 28th,*
1843.

*Debtor and Creditor. Assignment. Fraud. Assignee. Practice; Bill and answer.*

Mr. *Eagan* for the complainant.

Mr. *Mulock* for the defendants.

THE VICE–CHANCELLOR :—If this bill had been filed earlier and while the goods remained unsold and the proceeds not paid over, I am inclined to the opinion that the complainant might have succeeded (on filing a replication to the answer) in setting aside the assignment. But he waited a year and a half, after he had recovered his judgment before he filed his bill; and, even then, he did not attempt to impeach the assignment for fraud, but rather went against

*Sept. 12.*

the conduct of the assignees. It was not until the month of August, one thousand eight hundred and forty-one, that he amended his bill, so as to make a case for setting the assignment aside. And, in the mean time, the assigned property had all been disposed of and the proceeds paid over and distributed under the assignment. And, now, the cause is brought to a hearing on bill and answer, without a replication and without giving the defendants an opportunity of supporting their denials of fraudulent intent, by proofs. As the case now stands, there is nothing to show that the assignment is conclusively fraudulent, nor is it fraudulent *per se ;* and as all the badges of fraud are either explained or are negatived by general denial of fraudulent intent, the case is within the principles settled in *Cunningham* v. *Freeborn,* in error, 11 Wend. 240.

The worst feature of the case, as it appears to me, is that the assignors, the judgment debtors, were permitted, by the assignees, to retain, at different times, considerable sums out of the proceeds of the assigned property, on the idea of compensation for services rendered as agents of the assignees in disposing of the goods, &c.; and if the bill had been prosecuted in behalf of all the creditors of the debtors for an account of the assigned property, and with a view to make the assignees or the acting assignee liable for that money as for a misapplication or waste, it is probable the acting assignee might have been held personally liable to make it good to the creditors. But, such is not the aspect or purpose of the present bill; and no decree, to that effect, can be made upon it.

The bill must be dismissed without reservation; but, from the remarks of Chief Justice Nelson, in the concluding part of his opinion in *Cunningham* v. *Freeborn,* supra, on the subject of costs, and which apply with peculiar force to the case in hand, I am disposed to leave each party to bear his and their own costs of the suit.

Decree accordingly.